## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| SAVANNAH LEIGH JACKSON and MARK ANTHONY JACKSON, **Plaintiffs**, v. MEDTRONIC, INC., MEDTRONIC DIABETES, MEDTRONIC, USA, INC., MEDTRONIC MINIMED, INC., and MINIMED DISTRIBUTION CORP. **Defendants**. | **Removed from the Superior Court of Walker County, State of Georgia** **CIVIL ACTION NO.:** _____ |

## NOTICE OF REMOVAL

Defendants Medtronic, Inc., Medtronic, USA, Inc., Medtronic MiniMed, Inc., MiniMed Distribution Corp., Inc. (collectively "Medtronic" or "Defendants"),[1] file this Notice of Removal ("Notice") and remove this case from the Superior Court of Walker County, Georgia to the United States District Court for the Northern District of Georgia, Rome Division, under 28 U.S.C. §§ 1332, 1441, and 1446.

This Court has jurisdiction over this action because (1) there is complete diversity of citizenship between Plaintiffs and Defendants, and (2) the amount in

---

[1] As explained further below, improperly named Defendant Medtronic Diabetes is not a corporate entity.

controversy exceeds $75,000, exclusive of interest and costs. All other removal requirements have been satisfied.

In support of this Notice, Medtronic states as follows:

## **BACKGROUND FACTS**

1.      On June 20, 2022, Plaintiffs filed an action against Medtronic Inc., Medtronic, USA, Inc., Medtronic MiniMed, Inc., MiniMed Distribution Corp., Inc., and improperly named Medtronic Diabetes in the Superior Court of Walker County, Georgia, Civil Action File No. 22SUCV0412, styled as *Savannah Leigh Jackson and Mark Anthony Jackson v. Medtronic Inc., Medtronic Diabetes, Medtronic, USA, Inc., Medtronic MiniMed, Inc., MiniMed Distribution Corp., Inc.*[2] A complete copy of the docket report and all state court filings in this action, including the Complaint, is attached as **Exhibit A**.

2.      Plaintiffs erroneously and improperly named "Medtronic Diabetes" as a defendant in this action. There is no "Medtronic Diabetes" corporate entity—a fact Plaintiffs acknowledge when they incorrectly assert it is a division of Medtronic,

---

[2] On December 3, 2019, Plaintiffs filed an action against the same Defendants in the Superior Court of Walker County, Georgia, Civil Action File No. 19SUCV0873, also styled as *Savannah Leigh Jackson and Mark Anthony Jackson v. Medtronic Inc., Medtronic Diabetes, Medtronic, USA, Inc., Medtronic MiniMed, Inc., MiniMed Distribution Corp., Inc.* Plaintiffs subsequently voluntarily dismissed that action without prejudice before filing the instant renewal action.

Inc.[3] *See* **Ex. A**, Compl. ¶ 8 (Dkt. # 1); *see also* **Ex. B**, Declaration of Thomas Osteraas ("Osteraas Dec.") ¶ 2. As such, no service can be effectuated on "Medtronic Diabetes."[4]

3.      On June 28, 2022, Plaintiffs served their Complaint on Medtronic MiniMed, Inc. via its registered agent, Corporation Service Company ("CSC"). *See* **Ex. A**, Medtronic MiniMed, Inc. Service of Process (Dkt. # 10).

4.      On June 28, 2022, Plaintiffs served their Complaint on Medtronic, Inc. via its registered agent, CSC. *See* **Ex. A,** Medtronic, Inc. Service of Process (Dkt. # 9).

5.      On June 28, 2022, Plaintiffs served their Complaint on Medtronic, USA, Inc. via its registered agent, CSC. *See* **Ex. A**, Medtronic, USA, Inc. Service of Process (Dkt. # 11).

6.      On June 28, 2022, Plaintiffs served their Complaint on MiniMed Distribution Corp. via its registered agent, CSC. *See* **Ex. A,** MiniMed Distribution Corp. Service of Process (Dkt. # 12).

---

[3] The proper legal entity for matters relating to Medtronic's diabetes operating unit is Medtronic MiniMed, Inc.

[4] Plaintiffs filed a Sheriff's Entry of Service, purportedly signed on behalf of "Medtronic Diabetes" on June 28, 2022. *See* **Ex. A**, Medtronic Diabetes Service of Process (Dkt. # 8). Nonetheless, service was not effectuated since Medtronic Diabetes is not a corporate entity.

7.     The Complaint alleges that Plaintiff Savannah Leigh Jackson has a medical history of Type I Diabetes. **Ex. A**, Compl. ¶ 12. She treated her diabetes with an insulin pump while pregnant with her second child, Branson Vance Jackson ("Decedent"), who was expected to be born on February 19, 2018. *Id.* at ¶ 13. Sometime after October 2017, she was "delivered a replacement insulin pump [allegedly] designed, manufactured, shipped, and supported by [Medtronic]." *Id.* at ¶¶ 18-19. Plaintiffs allege Ms. Jackson's blood glucose levels "varied more than previously and became difficult to control," leading to two hospitalizations for diabetic ketoacidosis in November and December 2017, and ultimately the intrauterine death of Decedent on or around December 6, 2017. *Id.* at ¶ 22, 28. They contend that "the insulin pump designed, manufactured, sold, shipped, and supported by [Medtronic] malfunctioned, leading to the diabetic ketoacidosis resulting in death to the Decedent." *Id.* at ¶ 31. Based on these allegations, Plaintiffs assert causes of action for negligence (design defect) and breach of express and implied warranties. *Id.* at ¶ 44. They seek damages for wrongful death and claim they are entitled to damages for the full value of the life" of Decedent. *Id.* at ¶¶ 45-46.

## VENUE

8.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Court is the appropriate place to file this Notice of Removal because this Court is the United

States District Court for the district and division in which the state court action is pending.

9.      Written notice of this removal is being provided to Plaintiffs, and a copy of this Notice of Removal is being filed contemporaneously with the Superior Court of Walker County, Georgia, in accordance with 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL

10.      This Court has subject matter jurisdiction over this matter because there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). All other requirements for removal are satisfied.

**I.      THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A).**

**A.      There is complete diversity of citizenship between Plaintiffs and Defendants.**

11.      There is complete diversity of citizenship between the properly named parties to this action, Plaintiffs and Medtronic. *See* 28 U.S.C. § 1332(a).

12.      Defendant Medtronic, Inc. is a corporation organized under the laws of the State of Minnesota with its principal place of business at 710 Medtronic Parkway

NE, Minneapolis, MN 55432. **Ex. A**, Compl. ¶ 6. It is a citizen of Minnesota for diversity purposes.

13.     Defendant Medtronic USA, Inc. is a corporation organized under the laws of the State of Minnesota with its principal place of business at 710 Medtronic Parkway NE, Minneapolis, MN 55432. *Id.* at ¶ 7. It is a citizen of Minnesota for diversity purposes.

14.     Defendant MiniMed Distribution Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business at 18302 Talavera Ridge, San Antonio, Texas 78257.[5] *Id.* at ¶ 10. It is a citizen of both Delaware and Texas for diversity purposes. *See, e.g., Hunt v. Nationstar Mortg., LLC*, 782 Fed. App'x 762, 768 (11th Cir. 2019) ("A corporation is a citizen of its state of incorporation as well as the state in which it has its principal place of business.").

15.     Defendant Medtronic MiniMed, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 18000 Devonshire Street, Northridge, California. **Ex. A**, Compl. ¶ 9. It is a citizen of both Delaware and California for diversity purposes. *See Hunt*, 82 Fed. App'x at 768.

---

[5] The Complaint incorrectly alleges the principal place of business for MiniMed Distribution Corp. is Northridge, California. Its principal place of business is in fact San Antonio, Texas. Regardless, there would be complete diversity in either case.

16.     There is no corporate entity named "Medtronic Diabetes." *See supra* ¶ 2 & **Ex. B**, Osteraas Dec. ¶ 2; *see also* **Ex. A**, Compl. ¶ 8 (incorrectly describing "Medtronic Diabetes" as a "division" of Medtronic, Inc.).

17.     Plaintiffs Savannah Leigh Jackson and Mark Anthony Jackson are admittedly residents of Walker County, Georgia. **Ex. A.**, Complaint ¶ 5.

**B.      The amount-in-controversy requirement is satisfied.**

18.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. Further, even when the complaint does not allege a specific amount of damages, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quotations omitted). In determining whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum, a court may independently appraise the value of the pleaded claims based on its judicial experience and common sense. *Id. at* 1061–62; *see also Wineberger v. Racetrac Petroleum, Inc.*, 672 Fed. App'x 914, 917 (11th Cir. 2016) ("District courts may 'make reasonable deductions, reasonable inferences, or other

reasonable extrapolations' from the pleadings to determine whether it is facially

apparent that a case . . . establishes the jurisdictional amount.'") (citation omitted).

19.     Even though Plaintiffs' Complaint does not quantify the amount of

damages sought, it is facially apparent that Plaintiffs' claimed damages, and thus the

amount in controversy, exceed $75,000.[6] Plaintiffs seek damages for the "wrongful

death of Decedent" and claim they are entitled "to damages for the full value of the

life of Branson Vance Jackson." **Ex. A**, Comp. ¶¶ 45-46. Such allegations clearly

implicate an amount in controversy exceeding $75,000.

## II.     **ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.**

### A.     **The Notice of Removal is timely.**

20.     The Notice is timely filed. 28 U.S.C. § 1446(b)(1) requires that the

Notice be filed within 30 days of receipt by Defendants, "through service or

otherwise," of a copy of the Complaint.

21.     Plaintiffs effectuated service on the four properly named defendants on

June 28, 2022.[7] *See* **Ex. A** (Dkt #9-12).

---

[6] The Complaint thus does not comply with Georgia's statutory requirement that claimed items of special damage be specifically stated. O.C.G.A. § 9-11-9(g).

[7] As noted in Paragraph 2, the fifth named defendant, "Medtronic Diabetes," is not a corporate entity, and therefore, could not be properly served.

22.    Thus, the removal is timely as it occurred within 30 days of each properly named defendant's receipt, "through service or otherwise," of a copy of the Complaint. 28 U.S.C. § 1446(b)(1).

**B.    All Defendants consent to removal.**

23.    For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

24.    Properly joined and served Defendants Medtronic MiniMed, Inc., Medtronic, Inc., Medtronic USA, Inc., and MiniMed Distribution Corporation consent to removal as indicated by the signature below, and by the filing of this Notice of Removal.

25.    "Medtronic Diabetes" is not a corporate entity and therefore has been properly joined or served, and thus, no consent to removal is required.[8] The docket does not reflect service on any other fictitious entity. *See* **Ex. A**.

26.    By filing this Notice, Medtronic does not waive any rights or defenses, and expressly reserves all rights and defenses that it may have with respect to Plaintiffs' lawsuit.

---

[8] Medtronic's diabetes business is conducted through Medtronic MiniMed, Inc., which has been served and consents to removal. *See* **Ex. B**, Osteraas Dec. ¶ 2.

**C.      Notice of this removal is being provided to the state court and Plaintiffs.**

27.      Promptly after filing this Notice, Medtronic will file a copy of the Notice with the Clerk of the Superior Court of Walker County, Georgia, to effect removal of this action to the United States District Court, as well as service on Plaintiffs. A true and correct copy of the Notice of Filing of Notice of Removal in United States District Court that Medtronic will file with that court is attached hereto as **Exhibit C**.

WHEREFORE, Medtronic hereby removes the above-captioned matter, now pending against it in the Superior Court of Walker County, Georgia, to the United States District Court for the Northern District of Georgia, Rome Division.

Dated:       July 28, 2022                      Respectfully submitted,

                                                */s/ Victoria Langton*
                                                Victoria Langton
                                                Lori Cohen
                                                **GREENBERG TRAURIG, LLP**
                                                3333 Piedmont Road, N.E.
                                                Suite 2500
                                                Atlanta, GA 30305
                                                P: (678) 553-2100
                                                F: (678) 553-2212
                                                Email: langtont@gtlaw.com
                                                Email: cohenl@gtlaw.com

                                                Nicole Narotzky (*pro hac vice forthcoming*)
                                                Tom Pack (*pro hac vice forthcoming*)
                                                **GREENBERG TRAURIG, LLP**
                                                90 South 7th Street
                                                Suite 3500
                                                Minneapolis, MN
                                                P: (612) 259-9572
                                                Email:nartzkyn@gtlaw.com
                                                Email: packt@gtlaw.com

                                                *Attorneys for Defendants Medtronic MiniMed, Inc., Medtronic, Inc., Medtronic USA, Inc., MiniMed Distribution Corporation*

11

## **Font Certification**

Pursuant to Local Rule 7.1(D) I hereby certify that the foregoing document

was prepared using Times New Roman 14-point type as provided in Local Rule 5.1.

/s/ *Victoria Langton*

## CERTIFICATE OF SERVICE

I, Victoria Langton, hereby certify that on July 28, 2022, the foregoing document was filed via the Court's CM/ECF system, and a copy sent via U.S. mail to counsel for Plaintiffs:

Allen Hammontree, Esq.
GODDARD & HAMMONTREE, L.L.C
2716 Cleveland Hwy.
Dalton, Georgia 30721
Telephone: (706) 278-0464
*Attorney for Plaintiffs*

By:  */s/ Victoria Langton*
Victoria Langton

*Attorney for Defendants*
*Medtronic MiniMed, Inc.,*
*Medtronic, Inc., Medtronic USA,*
*Inc., MiniMed Distribution*
*Corporation*