# EXHIBIT "A"

| 22SUCV0412 | SAVANNAH JACKSON, ET AL V MEDTRONIC, INC., ET AL | WALKER SUPERIOR | PRODUCT LIABILITY TORT |
|---|---|---|---|

# Case Docket

| Case Initiation Date | Assigned Judge |
|---|---|
| 06/20/2022 | |

Why subscribe to PeachCourt+? Well, for one thing… you could get an automagic email alert when anyone files anything into this case. You don't have to come back here day after day after day just to check the docket. We'll take care of that for you. All you have to do is subscribe!

## Party Information

**Plaintiffs:**

Jackson, Savannah

Jackson, Mark

**Defendants:**

MEDTRONIC, INC.,

MEDTRONIC USA, INC.,

MEDTRONIC DIABETES,

MEDTRONIC MINIMED, INC,

MINIMED DISTRIBUTION CORP.,

## Attorney/Filer Information

Hammontree, Allen

| Docket # | Document Type | Description | Filer | Filing Date | Source |
|---|---|---|---|---|---|
| 1 | Complaint | Complaint | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 2 | Summons | Summons | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 3 | Summons | Summons | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 4 | Summons | Summons | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 5 | Summons | Summons | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 6 | Summons | Summons | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 7 | Case Information Form | Initiation Form | Hammontree, Allen | 06/20/2022 | EFile: PeachCourt |
| 8 | Sheriff's Return Of Service | Medtronic Diabetes | Hammontree, Allen | 07/07/2022 | EFile: PeachCourt |
| 9 | Sheriff's Return Of Service | Medtronic, Inc. | Hammontree, Allen | 07/07/2022 | EFile: PeachCourt |
| 10 | Sheriff's Return Of Service | Medtronic Minimed, Inc. | Hammontree, Allen | 07/07/2022 | EFile: PeachCourt |
| 11 | Sheriff's Return Of Service | Medtronic USA, Inc. | Hammontree, Allen | 07/07/2022 | EFile: PeachCourt |
| 12 | Sheriff's Return Of Service | Medtronic Distribution Corporation | Hammontree, Allen | 07/07/2022 | EFile: PeachCourt |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

Printed from www.peachcourt.com on Jul 28, 2022 10:07 AM

**☗ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**22SUCV0412**

JUN 20, 2022 02:01 PM

*Carter Brown*
Carter Brown, Clerk
Walker County, Georgia

## IN THE SUPERIOR COURT OF WALKER COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| SAVANNAH LEIGH JACKSON and | : | CIVIL ACTION |
| MARK ANTHONY JACKSON | : | NO.:_____ |
| | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| Vs. | : | |
| | : | |
| MEDTRONIC, INC.; MEDTRONIC | : | |
| DIABETES; MEDTRONIC, USA, INC.; | : | |
| MEDTRONIC MINIMED, INC. and | : | |
| MINIMED DISTRIBUTION CORP. | : | |
| | : | |
| **Defendants** | : | |

## <u>COMPLAINT</u>

**COME NOW**, Plaintiffs, by and through their counsel of record, and file this their

Complaint For Damages as follows:

-1-

This is a renewal of an action previously brought in the Superior Court of Walker County,

Georgia, styled:  <u>SAVANNAH LEIGH JACKSON and MARK ANTHONY JACKSON V.</u>

<u>MEDTRONIC, INC., MEDTRONIC DIABETES; MEDTRONIC, USA, INC., MEDTRONIC</u>

<u>MINIMED, INC. and MINIMED DISTRIBUTION CORP.</u>, Civil Action Number **19SUCV0873**

(Original Action).  Further:

a.) The ORIGINAL ACTION was not void in that it was timely filed in the proper court

and served upon Defendants;

b.) This is such a valid suit as may be renewed under O.C.G.A. §9-2-61 as it is based

upon substantially the same cause of action as the prior suit, to wit: a claim arising from product

liability, negligence and the wrongful death of Branson Vance Jackson against Defendants;

c.) The ORIGINAL ACTION was not dismissed on the merits so that the dismissal would act as an automatic bar, but was voluntarily dismissed without prejudice;

d.) All expenses in the ORIGINAL ACTION were paid;

e.) A copy of the filed Complaint in the ORIGINAL ACTION is attached hereto as Exhibit "A";

f.) A copy of the voluntary dismissal in the ORIGINAL ACTION, filed on December 20, 2021, is attached hereto as Exhibit "B";

g.) The RENEWAL ACTION is timely filed within 6 months of the voluntary dismissal of the ORIGINAL ACTION.


-2-

This is a claim for product liability and the wrongful death of BRANSON VANCE JACKSON (Decedent).

-3-

BRANSON VANCE JACKSON was the infant child of Plaintiffs SAVANNAH LEIGH JACKSON and MARK ANTHONY JACKSON.  He suffered an intrauterine demise and was delivered stillborn by cesarean section on December 6, 2017.  He was at approximately 29 weeks of gestation.

-4-

Plaintiffs are the parents and next of kin of decedent and, as such, are the proper parties to bring this claim for wrongful death.

-5-

Plaintiffs are residents of Walker County, Georgia.  This claim is brought due to injury sustained from a faulty insulin pump manufactured and sold by Defendants.  The insulin pump was delivered to Plaintiffs and utilized by Plaintiff Savannah Jackson in Walker County, Georgia. Jurisdiction and venue are proper.

-6-

Defendant MEDTRONIC, INC. (hereinafter referred to as MEDTRONIC), is a Minnesota Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court and may be served with summons and process through Registered Agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia, 30092.

-7-

Defendant MEDTRONIC USA, INC. (hereinafter referred to as USA), is a Minnesota Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court and may be served with summons and process through Registered Agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia, 30092.

-8-

Defendant MEDTRONIC DIABETES (hereinafter referred to as MD), is a division of MEDTRONIC, INC. and  transacts business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court. Its principal office is located in Northridge, California.

-9-

Defendant MEDTRONIC MINIMED, INC (hereinafter referred to as MINIMED), is a Delaware Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court.  Its principal office is located in Northridge, California.

-10-

Defendant  MINIMED DISTRIBUTION CORP. (hereinafter referred to as DISTRIBUTION), is a Delaware Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court.  Its principal office is located in Northridge, California.

-11-

The Defendants are hereafter collectively referred to as The Medtronic Defendants.

-12-

Plaintiff SAVANNAH JACKSON was a 26-year old female with a medical history of Type I Diabetes.  She had a previous pregnancy which resulted in an emergency cesarean section due to preeclampsia at 34 weeks gestation.

-13-

Plaintiff JACKSON was pregnant with her second child, BRANSON VANCE JACKSON(Decedent).  The estimated due date for Decedent was February 19, 2018.

-14-

Throughout the term of her pregnancy, Plaintiff regularly attended and was compliant with her medical appointments.

-15-

Throughout her pregnancy, Plaintiff Savannah Jackson's blood glucose levels would vary.

-16-

During her pregnancy with Decedent, Plaintiff Savannah Jackson utilized an insulin pump manufactured by Defendants.

-17-

The insulin pump was utilized to provide stability and control of Plaintiff's blood sugar levels and to protect the health of the child, Decedent.

-18-

In approximately October, 2017, the insulin pump used by Plaintiff Savannah Jackson malfunctioned and had to be replaced.

-19-

Plaintiff was delivered a new insulin pump designed, manufactured, shipped and supported by Defendants.

-20-

The Plaintiff was fully compliant and gave her best efforts to both monitor and control her diabetes and glucose levels.

-21-

Plaintiff regularly communicated by telephone, email and in person with the medical providers and support staff regarding her blood sugar levels and their recommendations for management, including settings for the pump manufactured by Defendants.

-22-

After she began use of the replacement pump, Plaintiff's blood glucose levels varied more than previously and became difficult to control, despite her compliance in using the device of Defendants.

-23-

On November 29, 2017, Plaintiff Savannah Jackson was seen at her OBGYN. The Decedent was noted to be healthy.  However, Plaintiff began suffering severe headaches with nausea and vomiting following her ultrasound.  She was referred to ERLANGER OB Department for further evaluation.

-24-

On November 29, 2017, Plaintiff was admitted to Defendant ERLANGER's labor and delivery unit due to diabetic ketoacidosis.

-25-

Plaintiff's condition seemed to stablized and she was discharged on December 1, 2017.

-26-

Two days later on December 3, 2017, Plaintiff again experienced nausea and vomiting along with abdominal pain.  She was taken by ambulance to the emergency department at Erlanger Medical Center.

-27-

Plaintiff was found to have elevated heart and respiratory rates as well as elevated glucose.   It was determined that she was in diabetic ketoacidosis and was admitted to the ICU.

-28-

It was determined that Plaintiff's baby  BRANSON VANCE JACKSON, suffered an

intrauterine death and was delivered stillborn by cesarean section on December 6, 2017.

-29-

Prior to December 6, 2017, Plaintiff had regularly and routinely felt the Decedent moving.

-30-

Decedent was a fetus that had obtained the status of "quick" as defined by Georgia law.

-31-

The insulin pump designed, manufactured, sold, shipped and supported by Defendants malfunctioned, leading to the diabetic ketoacidosis resulting on death to the Decedent.

-32-

At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing, labeling, selling and distributing the insulin pump utilized by Plaintiff.

-33-

The insulin pump was defective and unreasonably dangerous at the time it left the hands of the Defendants.

-34-

 Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design of the product.

-35-

Defendants' product was unreasonably and dangerously defective beyond the extent contemplated by ordinary users with ordinary knowledge regarding the product. Plaintiffs were

unaware of the danger as Defendants provided ineffective and inadequate warnings and instructions.

-36-

Defendants' product was defective in light of the dangers posed by its design and the likelihood of those avoidable dangers. Defendants' product was defective because the inherent risk of harm in Defendants' product design outweighed the utility or benefits of the existing product design. Defendants' product was defective because reasonably cost-effective and feasible state-of-the-art alternatives existed at the time that would not have undermined the product's usefulness.

-37-

There was a safer and more reliable alternative design that would have prevented or significantly reduced the risk of injury. It was reasonable as well as economically and technologically feasible at the time the product left Defendants' control by the application of existing or reasonably achievable scientific knowledge

-38-

At all relevant times, Defendants knew or reasonably should have known that their product was unreasonably dangerous and defective when used as designed and directed.

-39-

Defendants had a duty to exercise reasonable care, and to comply with the then existing standard of care, in the design, testing, research, development, packaging, distribution, promotion, marketing, advertising, instruction, and sale of their product. Specifically: (a) Defendants had a continuing duty to ensure that the product they provided was safe and used correctly through proper design, testing, research, adequate instruction, post-market surveillance,

and appropriate modifications.

-40-

The injuries and damages alleged herein were the reasonably foreseeable result of
Defendants' product and conduct.

-41-

Had Defendants designed a safe product and/or undertaken the tests, studies, and steps
described herein, the injuries and damages complained of here would not have occurred.

-42-

The insulin pump at issue did not conform to Defendants' express representations and
warranties.  At all relevant times, said product did not perform as safely as an ordinary consumer
would expect when used as intended or in a reasonably foreseeable manner. At all relevant times,
said product did not perform in accordance with the Defendants' representations.

-43-

By designing, marketing, and selling the product at issue, the Defendants impliedly
warranted to the Plaintiffs that said product was merchantable and fit for ordinary use.
Defendants' product was not fit for the ordinary purpose for which such goods were used. It was
unmerchantable when used as directed and defective in design, and the Defendants' failure to
provide adequate warnings and instructions also resulted in said product being unreasonably
dangerous. Defendants' product was dangerous to an extent beyond the expectations of ordinary
consumers with common knowledge of the product's characteristics, including Plaintiffs.

-44-

The negligence, breach of implied and express warranties and actions of the Defendants
as set forth herein resulted in the untimely and wrongful death of Decedent BRANSON VANCE

JACKSON, the child of Plaintiffs, SAVANNAH LEIGH JACKSON and MARK ANTHONY JACKSON.

-45-

The Defendants are liable to the Plaintiffs for damages for the wrongful death of Decedent.

-46-

Plaintiffs are entitled to damages for the full value of the life of BRANSON VANCE JACKSON.

WHEREFORE, Plaintiffs respectfully demand:

a)      they have judgment against the Defendants for damages as set forth herein and all costs in Plaintiff's favor;

b)      they have trial by jury;

c)      that summons and process issue; and

d)      they have such other and further relief as is just and fair.

Respectfully submitted this 20th day of June, 2022

GODDARD & HAMMONTREE, L.L.C.


                                          /s/ J.ALLEN HAMMONTREE
2716 Cleveland Hwy.                        J. ALLEN HAMMONTREE
Dalton, Georgia 30721                      ATTORNEY FOR PLAINTIFFS
(706) 278-0464                             GA Bar #321651

**<u>EXHIBIT A</u>**

&#9990; EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**19SUCV0873**

DEC 03, 2019 02:16 AM

Carter Brown, Clerk
Walker County, Georgia

IN THE SUPERIOR COURT OF WALKER COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| **SAVANNAH LEIGH JACKSON and** | : | **CIVIL ACTION** |
| **MARK ANTHONY JACKSON** | : | **NO.:**_____ |
| | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **Vs.** | : | |
| | : | |
| **MEDTRONIC, INC.; MEDTRONIC** | : | |
| **DIABETES; MEDTRONIC, USA, INC.;** | : | |
| **MEDTRONIC MINIMED, INC. and** | : | |
| **MINIMED DISTRIBUTION CORP.** | : | |
| | : | |
| **Defendants** | : | |

## COMPLAINT

**COME NOW**, Plaintiffs, by and through their counsel of record, and file this their

Complaint For Damages as follows:

-1-

This is a claim for product liability and the wrongful death of BRANSON VANCE

JACKSON (Decedent).

-2-

BRANSON VANCE JACKSON was the infant child of Plaintiffs SAVANNAH LEIGH

JACKSON and MARK ANTHONY JACKSON.  He suffered an intrauterine demise and was

delivered stillborn by cesarean section on December 6, 2017.  He was at approximately 29 weeks

of gestation.

-3-

Plaintiffs are the parents and next of kin of decedent and, as such, are the proper parties to

bring this claim for wrongful death.

-4-

Plaintiffs are residents of Walker County, Georgia.  This claim is brought due to injury sustained from a faulty insulin pump manufactured and sold by Defendants.  The insulin pump was delivered to Plaintiffs and utilized by Plaintiff Savannah Jackson in Walker County, Georgia. Jurisdiction and venue are proper.

-5-

Defendant MEDTRONIC, INC. (hereinafter referred to as MEDTRONIC), is a Minnesota Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court and may be served with summons and process through Registered Agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia, 30092.

-6-

Defendant MEDTRONIC USA, INC. (hereinafter referred to as USA), is a Minnesota Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court and may be served with summons and process through Registered Agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia, 30092.

-7-

Defendant MEDTRONIC DIABETES (hereinafter referred to as MD), is a division of MEDTRONIC, INC. and  transacts business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court. Its principal office is located in Northridge, California.

-8-

Defendant MEDTRONIC MINIMED, INC (hereinafter referred to as MINIMED), is a Delaware Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court.  Its principal office is located in Northridge, California.

-9-

Defendant  MINIMED DISTRIBUTION CORP. (hereinafter referred to as DISTRIBUTION), is a Delaware Corporation transacting business and engaging in commerce in Walker County, Georgia. It is subject to the jurisdiction and venue of this court.  Its principal office is located in Northridge, California.

-10-

The Defendants are hereafter collectively referred to as The Medtronic Defendants.

-11-

Plaintiff SAVANNAH JACKSON was a 26-year old female with a medical history of Type I Diabetes.  She had a previous pregnancy which resulted in an emergency cesarean section due to preeclampsia at 34 weeks gestation.

-12-

Plaintiff JACKSON was pregnant with her second child, BRANSON VANCE JACKSON(Decedent).  The estimated due date for Decedent was February 19, 2018.

-13-

Throughout the term of her pregnancy, Plaintiff regularly attended and was compliant with her medical appointments.

-14-

Throughout her pregnancy,  Plaintiff Savannah Jackson's blood glucose levels would vary.

-15-

During her pregnancy with Decedent, Plaintiff Savannah Jackson utilized an insulin pump manufactured by Defendants.

-16-

The insulin pump was utilized to provide stability and control of Plaintiff's blood sugar levels and to protect the health of the child, Decedent.

-17-

In approximately October, 2017, the insulin pump used by Plaintiff Savannah Jackson malfunctioned and had to be replaced.

-18-

Plaintiff was delivered a new insulin pump designed, manufactured, shipped and supported by Defendants.

-19-

The Plaintiff was fully compliant and gave her best efforts to both monitor and control her diabetes and glucose levels.

-20-

Plaintiff regularly communicated by telephone, email and in person with the medical providers and support staff regarding her blood sugar levels and their recommendations for management, including settings for the pump manufactured by Defendants.

-21-

After she began use of the replacement pump, Plaintiff's blood glucose levels varied more than previously and became difficult to control, despite her compliance in using the device of Defendants.

-22-

On November 29, 2017, Plaintiff Savannah Jackson was seen at her OBGYN. The Decedent was noted to be healthy.  However, Plaintiff began suffering severe headaches with nausea and vomiting following her ultrasound.  She was referred to ERLANGER OB Department for further evaluation.

-23-

On November 29, 2017, Plaintiff was admitted to Defendant ERLANGER's labor and delivery unit due to diabetic ketoacidosis.

-24-

Plaintiff's condition seemed to stablized and she was discharged on December 1, 2017.

-25-

Two days later on December 3, 2017, Plaintiff again experienced nausea and vomiting along with abdominal pain.  She was taken by ambulance to the emergency department at Erlanger Medical Center.

-26-

Plaintiff was found to have elevated heart and respiratory rates as well as elevated glucose.   It was determined that she was in diabetic ketoacidosis and was admitted to the ICU.

-27-

It was determined that Plaintiff's baby  BRANSON VANCE JACKSON, suffered an

intrauterine death and was delivered stillborn by cesarean section on December 6, 2017.

-28-

Prior to December 6, 2017, Plaintiff had regularly and routinely felt the Decedent moving.

-29-

Decedent was a fetus that had obtained the status of "quick" as defined by Georgia law.

-30-

The insulin pump designed, manufactured, sold, shipped and supported by Defendants malfunctioned, leading to the diabetic ketoacidosis resulting on death to the Decedent.

-31-

At all times relevant to the Complaint, the Defendants were in the business of designing, manufacturing, marketing, testing, labeling, selling and distributing the insulin pump utilized by Plaintiff.

-32-

The insulin pump was defective and unreasonably dangerous at the time it left the hands of the Defendants.

-33-

Defendants placed their product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design of the product.

-34-

Defendants' product was unreasonably and dangerously defective beyond the extent

contemplated by ordinary users with ordinary knowledge regarding the product. Plaintiffs were unaware of the danger as Defendants provided ineffective and inadequate warnings and instructions.

-35-

Defendants' product was defective in light of the dangers posed by its design and the likelihood of those avoidable dangers. Defendants' product was defective because the inherent risk of harm in Defendants' product design outweighed the utility or benefits of the existing product design. Defendants' product was defective because reasonably cost-effective and feasible state-of-the-art alternatives existed at the time that would not have undermined the product's usefulness.

-36-

There was a safer and more reliable alternative design that would have prevented or significantly reduced the risk of injury. It was reasonable as well as economically and technologically feasible at the time the product left Defendants' control by the application of existing or reasonably achievable scientific knowledge

-37-

At all relevant times, Defendants knew or reasonably should have known that their product was unreasonably dangerous and defective when used as designed and directed.

-38-

Defendants had a duty to exercise reasonable care, and to comply with the then existing standard of care, in the design, testing, research, development, packaging, distribution, promotion, marketing, advertising, instruction, and sale of their product. Specifically: (a) Defendants had a continuing duty to ensure that the product they provided was safe and used

correctly through proper design, testing, research, adequate instruction, post-market surveillance, and appropriate modifications.

-39-

The injuries and damages alleged herein were the reasonably foreseeable result of Defendants' product and conduct.

-40-

Had Defendants designed a safe product and/or undertaken the tests, studies, and steps described herein, the injuries and damages complained of here would not have occurred.

-41-

The insulin pump at issue did not conform to Defendants' express representations and warranties. At all relevant times, said product did not perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner. At all relevant times, said product did not perform in accordance with the Defendants' representations.

-42-

By designing, marketing, and selling the product at issue, the Defendants impliedly warranted to the Plaintiffs that said product was merchantable and fit for ordinary use. Defendants' product was not fit for the ordinary purpose for which such goods were used. It was unmerchantable when used as directed and defective in design, and the Defendants' failure to provide adequate warnings and instructions also resulted in said product being unreasonably dangerous. Defendants' product was dangerous to an extent beyond the expectations of ordinary consumers with common knowledge of the product's characteristics, including Plaintiffs.

-43-

The negligence, breach of implied and express warranties and actions of the Defendants

as set forth herein resulted in the untimely and wrongful death of Decedent BRANSON VANCE

JACKSON, the child of Plaintiffs, SAVANNAH LEIGH JACKSON and MARK ANTHONY

JACKSON.

-44-

The Defendants are liable to the Plaintiffs for damages for the wrongful death of

Decedent.

-45-

Plaintiffs are entitled to damages for the full value of the life of BRANSON VANCE

JACKSON.

WHEREFORE, Plaintiffs respectfully demand:

a)      they have judgment against the Defendants for damages as set forth herein and all
costs in Plaintiff's favor;

b)      they have trial by jury;

c)      that summons and process issue; and

d)      they have such other and further relief as is just and fair.

Respectfully submitted,

GODDARD & HAMMONTREE, L.L.C.

/s/ J.ALLEN HAMMONTREE

2716 Cleveland Hwy.            J. ALLEN HAMMONTREE
Dalton, Georgia 30721         ATTORNEY FOR PLAINTIFFS
(706) 278-0464                GA Bar #321651

**EXHIBIT B**

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**19SUCV0873**

DEC 20, 2021 02:15 PM

Carter Brown, Clerk
Walker County, Georgia

## IN THE SUPERIOR COURT OF WALKER COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **SAVANNAH LEIGH JACKSON and** | : | **CIVIL ACTION** |
| **MARK ANTHONY JACKSON** | : | **NO.:19SUCV0873** |
| | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **Vs.** | : | |
| | : | |
| **MEDTRONIC, INC.; MEDTRONIC** | : | |
| **DIABETES; MEDTRONIC, USA, INC.;** | : | |
| **MEDTRONIC MINIMED, INC. and** | : | |
| **MINIMED DISTRIBUTION CORP.** | : | |
| | : | |
| **Defendants** | : | |

## <u>VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>

**COME NOW**, Plaintiffs, by and through their counsel of record, and hereby voluntarily

dismiss their Complaint WITHOUT PREJUDICE.

Respectfully submitted this 20th Day of December, 2021.

GODDARD & HAMMONTREE, L.L.C.

*/s/ J.ALLEN HAMMONTREE*

2716 Cleveland Hwy.          J. ALLEN HAMMONTREE
Dalton, Georgia 30721        ATTORNEY FOR PLAINTIFFS
(706) 278-0464               GA Bar #321651

# SUPERIOR COURT OF WALKER COUNTY
## STATE OF GEORGIA

⛴ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

## 22SUCV0412

**JUN 20, 2022 02:01 PM**

*Carter Brown*
Carter Brown, Clerk
Walker County, Georgia

CIVIL ACTION NUMBER  <u>22SUCV0412</u>

Jackson, Savannah
Jackson, Mark

---
**PLAINTIFF**

**VS.**

MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC DIABETES
MEDTRONIC MINIMED, INC
MINIMED DISTRIBUTION CORP.

---
**DEFENDANTS**

### SUMMONS

TO: MEDTRONIC, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Allen Hammontree**
> **Goddard & Hammontree, LLC**
> **2716 Cleveland Hwy.**
> **Dalton , Georgia 30721**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 20th day of June, 2022.**

Clerk of Superior Court

*Carter Brown*

---
Carter Brown, Clerk
Walker County, Georgia

# SUPERIOR COURT OF WALKER COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

## 22SUCV0412

**JUN 20, 2022 02:01 PM**

Carter Brown, Clerk
Walker County, Georgia

CIVIL ACTION NUMBER   22SUCV0412

Jackson, Savannah
Jackson, Mark

**PLAINTIFF**

                                                **VS.**

MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC DIABETES
MEDTRONIC MINIMED, INC
MINIMED DISTRIBUTION CORP.

**DEFENDANTS**

### SUMMONS

TO: MEDTRONIC USA, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Allen Hammontree**
> **Goddard & Hammontree, LLC**
> **2716 Cleveland Hwy.**
> **Dalton , Georgia 30721**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of June, 2022.**

                                        Clerk of Superior Court

                                        Carter Brown, Clerk
                                        Walker County, Georgia

## SUPERIOR COURT OF WALKER COUNTY
## STATE OF GEORGIA

**⚖ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

## 22SUCV0412

**JUN 20, 2022 02:01 PM**

*Carter Brown*
Carter Brown, Clerk
Walker County, Georgia

CIVIL ACTION NUMBER  <u>22SUCV0412</u>

Jackson, Savannah
Jackson, Mark

**PLAINTIFF**

**VS.**

MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC DIABETES
MEDTRONIC MINIMED, INC
MINIMED DISTRIBUTION CORP.

**DEFENDANTS**

**SUMMONS**

TO: MEDTRONIC DIABETES

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Allen Hammontree**
**Goddard & Hammontree, LLC**
**2716 Cleveland Hwy.**
**Dalton , Georgia 30721**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of June, 2022.**

Clerk of Superior Court

*Carter Brown*

Carter Brown, Clerk
Walker County, Georgia

# SUPERIOR COURT OF WALKER COUNTY
# STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**22SUCV0412**

**JUN 20, 2022 02:01 PM**

*Carter Brown*
Carter Brown, Clerk
Walker County, Georgia

CIVIL ACTION NUMBER  <u>22SUCV0412</u>

Jackson, Savannah
Jackson, Mark

**PLAINTIFF**

**VS.**

MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC DIABETES
MEDTRONIC MINIMED, INC
MINIMED DISTRIBUTION CORP.

**DEFENDANTS**

## SUMMONS

TO: MEDTRONIC MINIMED, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Allen Hammontree**
**Goddard & Hammontree, LLC**
**2716 Cleveland Hwy.**
**Dalton , Georgia 30721**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of June, 2022.**

Clerk of Superior Court

*Carter Brown*

Carter Brown, Clerk
Walker County, Georgia

# SUPERIOR COURT OF WALKER COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**22SUCV0412**

JUN 20, 2022 02:01 PM

*Carter Brown*
Carter Brown, Clerk
Walker County, Georgia

CIVIL ACTION NUMBER   22SUCV0412

Jackson, Savannah
Jackson, Mark

_____

**PLAINTIFF**

**VS.**

MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC DIABETES
MEDTRONIC MINIMED, INC
MINIMED DISTRIBUTION CORP.

_____

**DEFENDANTS**

### SUMMONS

TO: MINIMED DISTRIBUTION CORP.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Allen Hammontree**
> **Goddard & Hammontree, LLC**
> **2716 Cleveland Hwy.**
> **Dalton , Georgia 30721**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of June, 2022.**

Clerk of Superior Court

*Carter Brown*

_____
Carter Brown, Clerk
Walker County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

☑ **Superior** or ☐ **State Court of** Walker _____ **County**

**22SUCV0412**

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** 06-20-2022 <br> **MM-DD-YYYY** | **Case Number** 22SUCV0412 | JUN 20, 2022 02:01 PM <br> *Carter Brown* <br> Carter Brown, Clerk <br> Walker County, Georgia |

**Plaintiff(s)**

Jackson, Savannah

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Jackson, Mark

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

MEDTRONIC, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

MEDTRONIC USA, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

MEDTRONIC DIABETES

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

MEDTRONIC MINIMED, INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Hammontree, Allen _____    **Bar Number** 321651 _____    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☑ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☑ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

19SUCV0873 _____    _____
**Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

SHERIFF'S ENTRY OF SERVICE

Civil Action No. ___22SUCV0412___

Date Filed ___06/20/2022___

Attorney's Address

J. Allen Hammontree
Goddard & Hammontree, LLC
2716 Cleveland Hwy.
Dalton, GA 30721

Name and Address of Party to Served

Medtronic Diabetes
c/o Reg. Agent, Corporation Service Co.
40 Technology Pkwy., #300
Norcross, GA 30092

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**22SUCV0412**

Superior Court ☑
State Court ☑
Juvenile Court ☐

Jun 17, 2022 04:48 PM

Carter Brown, Clerk
Walker County, Georgia

Georgia, __Walker__ COUNTY

Savannah Jackson and

Mark A. Jackson

Plaintiffs

vs.

Medtronic Inc.,
Medtronic, USA, Inc.,
Medtronic Diabetes.,
Medtronic Minimed, Inc.
Minimed Distribution Corp.,

Defendants

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant _Medtronic Diabetes_ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _28_ day of _June_, 20_22_

_Sgt. Collins, SO 500_

DEPUTY

SHERIFF'S ENTRY OF SERVICE

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**22SUCV0412**

Jul 07, 2022 04:48 PM

Carter Brown, Clerk
Walker County, Georgia

Civil Action No. _____ 22SUCV0412

Superior Court ☑
Magistrate Court ☐
State Court ☐
Juvenile Court ☐

Date Filed _____ 06/20/2022

Georgia, **Walker**                  COUNTY

Attorney's Address

J. Allen Hammontree
~~Goddard & Hammontree, LLC~~
2716 Cleveland Hwy.
~~Dalton, GA 30721~~

Savannah Jackson and

Mark A. Jackson

_____
Plaintiffs

VS.

Name and Address of Party to Served

Medtronic, Inc.
c/o Reg. Agent, Corporation Service Co.
40 Technology Pkwy., #300
Norcross, GA 30092

Medtronic Inc.,
Medtronic, USA, Inc.,
Medtronic Diabetes.,
Medtronic Minimed, Inc.
Minimed Distribution Corp.,
_____
Defendants

_____

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☒ Served the defendant _Medtronic, INC._ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _28_ day of _JUNE_, 20_22_

_Sgt. Collins SO 500_

DEPUTY

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22SUCV0412

Date Filed 06/20/2022

Attorney's Address

J. Allen Hammontree
Goddard & Hammontree, LLC
2716 Cleveland Hwy.
Dalton, GA 30721

Name and Address of Party to Served

Medtronic Minimed, Inc.
c/o Reg. Agent, Corporation Service Co.
40 Technology Pkwy., #300
Norcross, GA 30092

Superior Court ☑
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

**22SUCV0412**

JUL 07, 2022 04:48 PM

Carter Brown, Clerk
Walker County, Georgia

Georgia, Walker COUNTY

Savannah Jackson and

Mark A. Jackson

Plaintiffs

VS.

Medtronic Inc.,
Medtronic, USA, Inc.,
Medtronic Diabetes.,
Medtronic Minimed, Inc.
Minimed Distribution Corp.,

Defendants

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ copy of the action and summons at his most notorious place abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant *Medtronic Minimed, INC.* a Corporation
☐ by leaving a copy of the within action and summons with *Alisha Smith*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 28 day of June, 2022

S/Lt. Collin, SO 500

DEPUTY

SHERIFF'S ENTRY OF SERVICE

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

22SUCV0412

Civil Action No. _____22SUCV0412_____

Date Filed _____06/20/2022_____

Superior Court ☑
State Court ☐
Juvenile Court ☐

JUL 07, 2022 04:48 PM

Georgia, **Walker**

COUNTY Carter Brown, Clerk
Walker County, Georgia

**Savannah Jackson and**

_____

Attorney's Address

J. Allen Hammontree
~~Goddard & Hammontree, LLC~~
2716 Cleveland Hwy.
~~Dalton, GA 30721~~

**Mark A. Jackson**

_____
Plaintiffs

vs.

Medtronic Inc.,
Medtronic, USA, Inc.,
Medtronic Diabetes.,
Medtronic Minimed, Inc.
Minimed Distribution Corp.,

Defendants

Name and Address of Party to Served

Medtronic, USA, Inc.
c/o Reg. Agent, Corporation Service Co.
40 Technology Pkwy., #300
Norcross, GA 30092

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
☐ copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _Medtronic, USA, Inc._ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _28_ day of _June_, 20_22_

_Sgt Collins SO 500_

DEPUTY

SHERIFF'S ENTRY OF SERVICE

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WALKER COUNTY, GEORGIA

22SUCV0412

JUL 07, 2022 04:48 PM

Carter Brown, Clerk
Walker County, Georgia

Civil Action No. ___22SUCV0412___

Date Filed ___06/20/2022___

Attorney's Address

J. Allen Hammontree
Goddard & Hammontree, LLC
2716 Cleveland Hwy.
Dalton, GA 30721

Name and Address of Party to Served
Minimed Distribution Corporation
c/o Reg. Agent, Corporation Service Co.
40 Technology Pkwy., #300
Norcross, GA 30092

Superior Court ☑
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, __Walker__ COUNTY

Savannah Jackson and

Mark A. Jackson

Plaintiffs

VS.

Medtronic Inc.,
Medtronic, USA, Inc.,
Medtronic Diabetes.,
Medtronic Minimed, Inc.
Minimed Distribution Corp.,

Defendants

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _Minimed Distribution Corporation_ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _28_ day of _June_, 20_22_

_Sgt. Collins SD 500_

DEPUTY